UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


**Hollie Crosbie**

   v.                           Case No. 12-cv-138-PB
                                    Opinion No. 2013 DNH 112

**Amedisys Holding, LLC**


# O R D E R


Hollie Crosbie was fired after her employer, Amedisys Holdings, LLC, learned that she had accepted payments from an independent living facility for referring patients to the facility. It is undisputed that Crosbie violated company policy when she accepted the fees. It also appears likely that Crosbie acted contrary to the public policies that underlie federal and state anti-kickback laws. Nevertheless, Crosbie has sued her employer for wrongful discharge. Amedisys has filed a motion for summary judgment.

To prove her wrongful discharge claim under New Hampshire law, Crosbie must establish "(1) [that] the termination of employment was motivated by bad faith, retaliation, or malice; and (2) that she was terminated for performing an act that public policy would encourage or for refusing to do something that public policy would condemn." Lacasse v. Spaulding Youth

Ctr., 154 N.H. 246, 248 (2006) (quoting Karch v. BayBank FSB, 147 N.H. 525, 536 (2002)).

Crosbie claims that she was discharged for accepting referral fees that her supervisor encouraged her to accept. She then argues that the termination was contrary to public policy because it serves the interest of the public for healthcare employees to accept referral fees from third parties when an employee's supervisor encourages her to accept such fees. I disagree. The federal and state anti-kickback laws are animated by the strong public interest in discouraging referral fees under circumstances such as those presented here. Even if an employer encourages its employee to accept such fees, no public interest is served by permitting the employee to accept them. Thus, no reasonable fact finder could conclude that Crosbie was discharged for taking an action that public policy would support.

I am also unpersuaded by Crosbie's contention that the record would support a finding that her employer was motivated by bad faith, malice, or retaliation. Crosbie does not assert that she was tricked by her employer into accepting the referral fees for the purpose of generating a pretext to fire her. Instead, at most, the evidence suggests that a supervisor who

was not involved in her discharge was insufficiently attentive to a company policy prohibiting the acceptance of referral fees when she failed to intervene to condemn a suggestion offered by one of Crosbie's co-workers. Such evidence does not amount to bad faith, malice, or retaliation.

This is not a close case. Crosbie has failed to produce sufficient evidence to support either element of her wrongful discharge claim. Defendant's motion for summary judgment (Doc. No. 14) is granted.

SO ORDERED.


/s/Paul Barbadoro
Paul Barbadoro
United States District Judge


August 21, 2013

cc:   Christopher B. Kaczmarek, Esq.
      Benjamin T. King, Esq.